Hand-Delivered

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
NORTH CAROLINA
STATESVILLE DIVISION

**FILED**
Statesville, NC

DEC 18 2023

Clerk, US District Court
Western District of NC

|  |  |
|---|---|
| RONALD JONES, | ) |
| Plaintiff, | ) |
|  | ) |
|  | ) CIVIL CASE No.: 5:23-cv-203-KDB |
|  | ) |
| v. | ) |
|  | ) |
| U.S. BANK TRUST COMPANY, NATIONAL | ) |
| ASSOCIATION, AS TRUSTEE OF THE | ) |
| BUNGALOW SERIES IV TRUST, | ) |
| Defendants | ) |
|  | ) |

**VERIFIED COMPLAINT FOR**
**DECLARATORY RELIEF**
**BREACH OF CONTRACT**
**UNJUST ENRICHMENT**
**CONCEALMENT**
**FACTS IN SUPPORT OF ALL CAUSES OF ACTION**
(Trial by Jury requested)

COME NOW Plaintiff Ronald Jones, (married to Emily Jones, now deceased) of 172 WINTER FLAKE DRIVE, STATESVILLE, NORTH CAROLINA 28677, (843) 542-4260 Email: * is the owner of the subject property by reason of warranty deed recorded on 11/21/2006, Book 1802, Page 1379 - 1380, Exhibit 1, and who are complaining of Defendants U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST for causes of action would respectfully show unto this Honorable Court the following:

1. The basis of this case is for declaratory relief to quiet title to "Property"; to vacate a satisfied, void, predatory, fraudulently obtained Deed of Trust,

Exhibit 3, by Amerisave Mortgage Corporation, Book 1865, Page 571 – 588 (Exhibit 3) ($315,000.00); .

2. After Bank of America had satisfied the mortgage, it recorded a chain of fraudulent assignments out of sequential order, See Exhibits 5, 7, 8, and 9.

3. Bank of America imposed fraudulent inspection fees to put the borrower into default, then notified the Defendant that the amount owed included those fraudulently imposed fees, even though the Defendant knew the amounts were fraudulent and not owed, they continued to collect the fraudulently imposed inspection fees.

4. Bank of America imposed fraudulent charges for services which were never rendered; overcharged for services which were rendered, and charged for fees and costs which were neither due nor owing, then put the borrower into default, then notified the Defendant that the amount owed included those fraudulently imposed charges, even though the Defendant knew the amounts were fraudulent and not owed, they continued to collect the fraudulently imposed charges.

5. Employees of Bank of America went to Federal Prison for fraudulently charging for inspection fees for inspections which were never rendered, yet Bank of America never credited those fraudulently imposed charges back to the account.

6. As a result of those fraudulently imposed charges, the Defendant materially breached the mortgage agreement, suspending any further

obligation of the Plaintiff to perform.

7. The Plaintiff performed all the obligations he was required to perform under the mortgage except those which he was prevented from performing by reason of the fraudulent misconduct and material breach by the Defendant and its predecessors in interest.

8. That the mortgage was breached by the Defendant's predecessor, Bank of America.

9. **The property which is the subject of this action is Located at:** 172 WINTER FLAKE DRIVE, STATESVILLE, NORTH CAROLINA 28677

**Legal Description: THE LAND IN THE STATE OF NORTH CAROLINA, COUNTY OF IRDELL, CITY OF STATESVILLE, AND DESCRIBED AS FOLLOWS:**

**BEING ALL OF LOT 8 OF BARIUM SEASONS VILLAGE AS SAME IS SHOWN ON MAP THEREOF RECORDED IN THE IRDELL COUNTY, NORTH CAROLINA AND BOOK 45 AT PAGE 46.**

**BEING ALL OF THAT CERTAIN PROPERTY CONVEYED TO RONALD JONES AND EMILY JONES FROM CRESTWOOD HOMES, LLC DBA SCENIC HOMES, BY DEED DATED 11/17/2006 IN DEED BOOK 1802, PAGE 1379 OF OFFICIAL RECORDS.**

**APN 4732424595.**

10. This court has jurisdiction of the matter because the property is located in the County of IREDELL.

11. The Defendant and its predecessor recovered $315,000 from third party insurance and did not disclose that recovery to the Plaintiff, even though the mortgage requires the same.

12. According to the stock prospectus:

"If the master servicer recovers Insurance Proceeds which, when added to any related Liquidation Proceeds and after deduction of certain expenses reimbursable to the master servicer, exceed the outstanding principal balance of the defaulted residential loan together with accrued interest at the Net Interest Rate, the master servicer will be entitled to withdraw or cause to be withdrawn from the Trust Account amounts representing its normal administration compensation on the related residential loan. If the master servicer has expended its own funds to restore damaged property and these funds have not been reimbursed under any Insurance Instrument, it will be entitled to withdraw from the Trust Account out of related Liquidation Proceeds or Insurance Proceeds an amount equal to the expenses incurred by it, in which event the trust fund may realize a loss up to the amount charged. Because Insurance Proceeds" cannot exceed deficiency claims and certain expenses incurred by the master servicer, no payment or recovery will result in a recovery to the trust fund which exceeds the principal balance of the defaulted residential loan together with accrued interest on the defaulted residential loan at the Net Interest Rate.

**In addition, when property securing a defaulted residential loan can be resold for an amount exceeding the outstanding principal balance of the related residential loan together with accrued interest and expenses, it may be expected that, if retention of any amount is legally permissible, the insurer will exercise its right under any related pool insurance policy to purchase the property and realize for itself any excess proceeds.** See "Description of Primary Insurance Coverage" and "Description of Credit Support" in this prospectus.

With respect to collateral securing a Cooperative Loan, any prospective purchaser will generally have to obtain the approval of the board of directors of the relevant cooperative housing corporation before purchasing the shares and acquiring rights under the proprietary lease or occupancy agreement securing that Cooperative Loan. See "Certain Legal Aspects of Residential Loans-- Foreclosure on Cooperative Shares" in this prospectus. This approval is usually based on the purchaser's income and net worth and numerous other factors. The necessity of acquiring approval could limit the number of potential purchasers for those shares and otherwise limit the master servicer's ability to sell, and realize the value of, those shares.

https://trustinvestorreporting.usbank.com/TIR/public/deals/detail/204145/bungalow-series-iv-trust AND
https://capedge.com/filing/1718706/0001193125-20-005471/424B3

13. When Bank of America put the Plaintiff into default, the mortgage was paid in full and the Defendant's predecessor did not satisfy the mortgage by recording the satisfaction in the official records.

14. The prospectus says that the Defendant is stealing the excess, yet the North Carolina Statutes are extremely clear and the violation of the statute entitles the Plaintiff to all her damages she has suffered.

15. North Carolina Statute Section § 45-36.2 imposes an obligation of good faith.

16. North Carolina Statute § 45-36.3 required the Defendants to satisfy the mortgage within 60 days of the date they were paid in full, and yet they failed and refused to do so.

17. § 45-36.3 makes the Plaintiffs entitled to statutory damages for all harms they suffered by the failure of the Defendant and its purported predecessors in interests failure to record the satisfaction of mortgage within the 60 days of their recovery.

18. Failure to record a satisfaction of mortgage constitutes a violation of statute where the Defendant is strictly liable for the harm suffered by the Plaintiff.

19. The Plaintiffs only need prove that the Defendant was paid in full; more than 60 days lapsed, and the Defendant did not record the satisfaction of mortgage.

20. Nothing in the prospectus even remotely says that the mortgage will be satisfied when the insurance proceeds are collected. Instead, they say

5

that the Defendant gets to **"realize for itself any excess proceeds"**.

21.    **Why is there even a mention of excess proceeds. There is not supposed to be any excess proceeds.**

22.    **The surplus is supposed to go to the BORROWER, NOT TO THE CRIMINAL ENTERPRISE CREATED BY THE DEFENDANT.**

23.    The master servicer gets all the surplus even though the mortgage requires the surplus be returned to the Plaintiff.

24.    A jury must be provided with this information and an opportunity to award damages against US Bank and the Trust.

25.    The mortgage was fully satisfied by the Defendants when they collected the PMI paying both the principal and the interest in full and failed to credit the recover to the subject mortgage.

26.    Paragraph 10 is the provision governing Mortgage Insurance.

27.    A significant provision of this paragraph says:

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

28.    Section 2 says:

2.    **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

29.    More than 60 days have passed since they collected the full payment and even though I demanded they satisfy the mortgage, they have failed and refused to do so.

6

30. ALL PAYMENTS RECEIVED BY THE LENDER MUST BE APPLIED

TO THE ACCOUNT.

and agreements secured by this Security Instrument.

    **2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

31. Paragraph 3 requires that the Defendant credit all payments AND

REFUND ANY BORROWER FUNDS HELD BY LENDER.

    Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

32. Plaintiff is seeking damages in the sum of $315,000 in the form of

restitution, and declaratory relief voiding the subject note and mortgage;

declaratory relief striking the wild out of sequence assignments of

mortgages; compensatory damages for pain, suffering, and severe

emotional distress which was actually and proximately caused by the

Defendant and its purported predecessors in interest; in the amount of

three million dollars in the event of default; or according to proof; and

exemplary damages for bad faith breach of contract; for violation of the

FDCPA for fraudulent billing practices by the Defendant who committed

mail fraud and wire fraud when they used interstate commerce to send

fraudulently created bills over state lines, to the Plaintiff.

33. That when Bank of America put the Plaintiff into default, they

collected insurance from the FHA to satisfy the mortgage. In so doing, they

committed direct violations of the False Claims Act[1].

## PARTIES

34.     Plaintiff RONALD JONES (Emily Jones, now deceased) is the sole owner of the subject property, and reside at The property which is the subject of this action is Located at:   172     WINTER     FLAKE     DRIVE, STATESVILLE, NORTH CAROLINA 28677

35.     Defendant U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST whose address is 800 Nicollet Mall, Minneapolis, Minnesota.

Company Name:    BUNGALOW SERIES IV TRUST
Entity Type:     DELAWARE STATUTORY TRUST
File Number:     7899968
Filing State:     Delaware (DE)
Filing Status:     Active
Filing Date:     March 13, 2020
Company Age:     3 Years, 7 Months
Registered Agent:  U.S. Bank Trust National Association
1011 Centre Road Suite 203
Wilmington, DE 19805
Governing Agency:     Delaware Secretary of State

36.     Plaintiffs seeks an order compelling the Defendant to satisfy the debt purportedly owed to the Defendant as a result of their prosecution of the original lender.

37.     That the mortgage which is the subject of this action is a government

---

[1] The False Claims Act establishes liability for a variety of false or fraudulent conduct, including when a person "knowingly presents or causes to be presented a false claim for payment or approval," or "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." Key words in these provisions require the false claim or statement to be "knowing" and "material." The False Claims Act defines "knowingly" to mean that a person or entity "has actual knowledge of the information; acts in deliberate ignorance of the truth or falsity of the information; or acts in reckless disregard of the truth or falsity of the information

backed mortgage and governed by the federal statutes which regulate the conduct of the servicers, which include Bank of America and the servicers acting on behalf of the subject trust.

38.     That the mortgage was insurance and satisfied, even though under Federal Law, the Defendants were obligated to credit all funds recovered from third party insurance, they have failed and refused to do so, instead concealing the same from the Plaintiff, even though he paid for that MPI insurance.

39.     That the Defendants are unjustly enriched where it is unjust for them to retain it from the Plaintiff, and foreclosures are an equitable proceeding, thus this mortgage and misconduct is governed also by the laws of equity.

40.     Equity abhors a forfeiture and unjust enrichment of either party.

41.     When the mortgage was satisfied, the money collected should have been reported and credited to the account.

42.     That as an actual and proximate cause of the harm complained of below, the Defendants, and each of them caused the Plaintiffs to suffer slander to their title, emotional distress, monetary damages and require monetary and equitable relief as prayed.

43.     A trial by jury is requested.

### JURISDICTION

44.     This Court has diversity jurisdiction codified at 28 U.S.C. § 1332, and grants federal court jurisdiction in all civil actions between citizens of different states and between a citizen of a state and a subject of a foreign state if the amount in controversy exceeds $75,000. The Plaintiff is a

9

resident of this state and the Defendant is a resident of Delaware.

45.     This Court has federal question jurisdiction under the false claims act and the FDCPA, mail fraud, TILA, RESPA, and wire fraud, giving United States federal courts the power to hear civil cases where the plaintiff alleges a violation of the United States Constitution, federal law, or a treaty to which the United States is a party pursuant to 28 U.S.C. § 1331.

## FIRST CAUSE OF ACTION QUIET TITLE / DECLARATORY RELIEF
## LAW/ANALYSIS

46.     The Plaintiff incorporates Paragraphs 1 to 45 herein, as though set forth in full;

47.     The subject mortgage is fully satisfied; the chain of assignments are out of sequence and void; the mortgage was not satisfied in 60 days as required by State Law when recovered under the government insurance policy; and the proceeds were concealed when they were paid by the third party insurance company.

48.     That Bank of America committed mail fraud, wire fraud, and violation of the false claims act when they fraudulently imposed charges onto the Plaintiffs account, and collected the insurance when they fraudulently put the Plaintiffs into default by the fraudulently imposed charges.

49.     That as an actual and proximate cause of said conduct, the Plaintiffs are suffering from the lack of marketability of the property, from the cloud on the title, and from paying all the payments from the date of inception to the present, paying for repairs, maintenance, property taxes and insurance, all the then refusing to provide a payoff amount in a timely fashion, preventing the sale of property.

50.     That unless and until restrained, the Plaintiffs have suffered and will continue to suffer at the hands of the Defendant.

51.     That under Paragraph 5 of the agreement states unequivocally that title shall be conveyed free and clear of all encumbrances, and Plaintiffs were not told of any encumbrances to the property upon their purchase.

52.     Said conduct constitutes a breach of that agreement, and further violates TILA and RESPA as no notices there under were provided as required by Federal Statute, entitling the Plaintiffs to rescission and restitution of all monies paid and all damages occasioned thereby.

53.     Plaintiffs seeks an order compelling Defendant to satisfy the subject mortgage, title in the name of the Plaintiffs, granting them a warranty deed; alleged debt to Defendant as a result of their fraud and breach of contract and warranty of merchantability; and quiet title to the subject property.

54.     Plaintiffs pray for such other and further relief as set forth below and the court deems just and adequate;

## DECLARATORY RELIEF

## SECOND CAUSE OF ACTION

## THE PLAINTIFF IS ENTITLED TO A BREACH OF CONTRACT AND BAD FAITH BREACH OF CONTRACT

55.     Plaintiffs incorporated paragraphs 1 through 45 herein as though set forth in full.

56.     The mortgage, Exhibit 3, Book 1865, page 571-588, RECORDED IN THE OFFICIAL RECORDS OF IRADELL COUNTY, NC constitutes a

11

contract between the plaintiff and the Defendant.

57.     Material Breach of that contract occurred when Bank of America over the series of the several years up until the time of their assignment, fraudulently imposed charges on the account for services which were never rendered and neither due nor owing; overcharged for services which were rendered; and added fees and costs which were neither due nor owing.

58.     Material breach of that contract occurred when Bank of America put the Plaintiffs into default and failed to credit the mortgage account with funds received from the third party insurance company.

59.     Defendant was unjustly enriched when, after collecting payment in full, continued to bill and collect on the mortgage for an already satisfied mortgage.

60.     The Defendant is the purported assignee of the predecessor in interest, Bank of America.

61.     That DEFENDANT, BY AND THROUGH ITS PREDECESSOR IN INTEREST, BANK OF AMERICA was prosecuted by the United States for making deceptive loans and failing to credit funds received.

62.     That in this instance, that is precisely what transpired to the Plaintiffs.

63.     Therefore, the Court should declare as void the debt owed to the Defendant; compel the Defendant to quiet title in the name of the Plaintiffs, granting them a warranty deed; cancellation of alleged debt to Defendant, and as a result of their fraud and breach of contract and warranty of merchantability.

64.     Therefore, the fraudulent out of sequence chain of assignments of

the subject mortgage and assignments thereon, are void, and no valid liability exists.

65.    Any obligation that may exist against DEFENDANT, BY AND THROUGH ITS PREDECESSOR IN INTEREST, BANK OF AMERICA or Plaintiffs is nullified.

66.    Wherefore Plaintiff prays for a declaration by the court voiding the subject mortgage and the fraudulent chain of assignments; an order compelling the Defendants to record a satisfaction of mortgage; and pay the Plaintiffs compensation in the sum of $315,000 and $3 million dollars, and exemplary damages for violation of statute in the sum of $12 million dollars or proof.

### THIRD CAUSE OF ACTION

### THE CONTRACT FOR PURCHASE IS VOID UNDER TILA AND RESPA ENTITLING THE PLAINTIFFS TO RECISSION AND RESTITUTION

67.    Plaintiffs incorporate Paragraphs 1 to 45, inclusive herein as though set forth herein in full.

68.    TILA-RESPA's require that Lenders have to deliver a Loan Estimate to consumers within three business days of their mortgage loan application.

69.    TILA and RESPA also require satisfaction of a mortgage when payment is made, regardless of the source of the funds paid and received.

70.    As the loan proceeds, consumers must get the Closing Disclosure

three business days before closing.

71.     Here, no valid Closing Disclosure was EVER provided and additionally, if there is a question of a percent change as there is in this case, as there is for most loans in APR, a change in loan product, or the addition of a prepayment penalty, any of these changes require the lender to provide a new CD and an additional three-business-day waiting period for the borrower.

72.     Here, the Defendant as successor to the BANK OF AMERICA knew, or reasonably should have known when it acquired the void obligation, that it was obtained under deceit or fraud and the amounts billed were fraudulent.

73.     Where Defendant is now facing civil penalties as high as $1 million per day if they delay disclosures "knowingly."

74.     Even unintentional TILA-RESPA violations entitle the Plaintiffs to $5,000 a day.

**FOURTH CAUSE OF ACTION**

**THE PLAINTIFFS ARE ENTITLED TO A DECLARATION THAT THE NOTE AND DEED ARE VOID**

75.     Plaintiffs incorporate Paragraphs 1 through 20, inclusive, herein as though set forth herein in full.

76.     The Promissory Note and Deed of Trust are void and illegal for the following reasons:

    *1)    Lack of Full Disclosure*

14

77. There was no full disclosure of the "true nature" of the transaction as it actually occurred, which is required for a contract to be valid and enforceable.

78. Plaintiffs were led to believe that the mortgage was insured and that if they defaulted for any reason, the mortgage would be satisfied.

79. Defendant individually and by and through BANK OF AMERICA committed fraud and misrepresentation by failing to disclose material facts about the loan transaction and obtained the mortgage under fraud.

80. In *Fina Supply, Inc. v. Abilene Nat. Bank*, 726 S.W.2d 537, 1987 it says "Party having superior knowledge who takes advantage of another's ignorance of the law to deceive him by studied concealment or misrepresentation can be held responsible for that conduct."

81. The "studied concealment or misrepresentation" is fraud, (here, the material fact that they concealed the recovery of the insurance proceeds)and fraud vitiates (makes void) any contract that arises from it.[2]

82. Once the Bank of America recorded a chain of fraudulent assignments (a felony) and collected insurance proceeds from the Federally insured mortgage, and did not credit the same, and imposed fraudulent fees for services which were never rendered, overcharged for services which were rendered, and added fees and costs which were neither due nor owing, the Plaintiffs are entitled to the relief sought herein.

---

[2] Fraud vitiates the most solemn Contracts, documents and even judgments *U.S. vs. Throckmorton*, 98 US 61, 65.

83. "It is not necessary for rescission of a contract that the party making the misrepresentation should have known that it was false, but recovery is allowed even though misrepresentation is innocently made, because it would be unjust to allow one who made false representations, even innocently, to retain the fruits of a bargain induced by such representations." *Whipp v. Iverson,* 43 Wis 2d 166.

   1)   *Lack of Consideration*

84. For any contract to be valid, there must be a consideration. There is no valuable or lawful consideration in the "Note" and the "STANDARD AGREEMENT FOR REAL ESTATE DEED AND NOTE SECURED THEREON" because it was obtained under fraudulent circumstances and was already paid in full by third party insurance.

85. These contracts are unilaterally executory promises and contain illusory promises.

i.   No Bargain

86. Plaintiffs were not afforded the opportunity to negotiate terms of the Note or the security DEED, and in fact, had no idea they existed, believing that DEFENDANT, BY AND THROUGH ITS PREDECESSOR IN INTEREST, BANK OF AMERICA made the loan in good faith based on the true value of the property, when the real facts, as known to the United States, was they were obtained under fraud using phony appraisals.

87. Some courts have held that there is no consideration (and hence, the contract is void) where one party was not allowed to fairly bargain for

the alleged agreement.[3]

88.     Jury trial is demanded on all counts where permitted.

### FIFTH CAUSE OF ACTION
### BREACH OF CONTRACT
### AS AGAINST
### ALL DEFENDANTS

89.      Plaintiffs incorporate Paragraphs 1 through 45, inclusive, herein, as though set forth herein in full.

90.     That the conduct of the Defendants, and each of them, as incorporated herein constitute an actual material breach and third-party breach of the agreement between the Plaintiffs and the Defendant individually and by and through its PREDECESSOR IN INTEREST, BANK OF AMERICA.

91.     Defendant individually and by and through its PREDECESSOR IN INTEREST, BANK OF AMERICA in doing the acts alleged, breached the warranty of merchantability and violated the terms of the contract when the Defendant's purported predecessor made the loan under fraud.

92.     The Defendant individually and by and through its PREDECESSOR IN INTEREST, BANK OF AMERICA knew the same because the predecessor was prosecuted for that fraud by the United States, Consumer Financial Protection Bureau.

93.     That Defendant individually and by and through its PREDECESSOR IN INTEREST, BANK OF AMERICA further breached the agreement by extending

---

[3] *Prudential Insurance v. Sipula*, 776 F2d 157 (CA7, 1985)(no consideration where party to contract could not bargain for alleged agreement).

and expanding the lien on the property AFTER it was sold to the Plaintiffs.

94.     That Defendant materially breached the mortgage agreement and Plaintiffs are entitled to a finding by the court that the following documents are in breach by the Defendant.

The mortgage, Exhibit 3, Book 1865, page 571-588, RECORDED IN THE OFFICIAL RECORDS OF IRADELL COUNTY, NC;

Deed of Trust, BOOK 1865, PAGE 571-588, (Exhibit 3);

ASSIGNMENT OF MORTGAGE BK 2164 PAGE 1173200. Exhibit 5.

EXHIBIT 6, HAMP MOD, BOOK 2417, PAGE 685 – 700;

EXHIBIT 7, BOOK 2440, PAGES 2033 – 2034;

EXHIBIT 8, BOOK 2440, PAGES 2040 – 2041;

EXHIBIT 9, BOOK 2781, PAGES 1455 – 1456;

EXHIBIT 10, BOOK 2899, PAGES 2376 – 2377.

95.     That as an actual and proximate cause of said conduct, the Plaintiffs are suffering from the lack of marketability of the property, from the cloud on the title, and from paying all the payments from the date of inception to the present, paying for repairs, maintenance, property taxes and insurance, all the time believing they were the owners of the property when the true facts were, the mortgage was void and obtained under fraudulent circumstances, entitling the Plaintiff to the removal of the lien and all encumbrances.

96.     That unless and until restrained, the Plaintiffs have suffered and will continue to suffer at the hands of the Defendant as purported successor in interest to a criminal enterprise.

97.     Said conduct constitutes a breach of that agreement, and further violates TILA and RESPA as no notices there under were provided as required by Federal Statute, entitling the Plaintiffs to rescission and restitution of all monies paid and all damages occasioned thereby.

98.     Plaintiffs seeks an order compelling DEFENDANT, BY AND THROUGH ITS PREDECESSOR IN INTEREST, BANK OF AMERICA to satisfy the debt owed to the Defendants; compel the Defendants, and each of them, to put title in the name of the Plaintiffs, granting them a warranty deed; cancellation of alleged debt to Defendants as a result of their fraud and breach of contract and warranty of merchantability; and quiet title to property.

99.     That as an actual and proximate cause of said breach, the Plaintiffs suffered damages, including but not limited to, mortgage payments, repairs, maintenance of the property, taxes, insurance, all in an amount according to proof, but estimated to be in excess of $315,000; compensatory damages of three million dollars; exemplary damages of twelve million dollars in the event of default, or proof; reasonable attorneys fees according to proof, and court costs according to proof.

100.    Plaintiffs hereby request a trial by jury.

101.    Plaintiffs pray for such other and further relief as set forth below and the court deems just and adequate;

### SIXTH CAUSE OF ACTION
### CONCEALMENT AS AGAINST ALL DEFENDANTS

102.    Plaintiffs incorporate Paragraphs 1 through 45, inclusive, herein, as though set forth herein in full.

103.    That the conduct of the Defendants, and each of them, as incorporated herein constitute an actual material breach and third party breach of the agreement between the Plaintiffs and the Defendant.

104.    That the Defendant concealed from the Plaintiff the following pertinent facts, in addition to the incorporated allegations:

    I.    FULL RECOVERY OF INSURANCE PROCEEDS equating to the value of the outstanding amount of the note and mortgage;

    II.    Failure to record a satisfaction of mortgage within the 60 days.

    III.    Concealment of the true identity and amount of the debt since Bank of America added fraudulently imposed fees and costs, and charges for services which were never rendered and overcharged for services which were rendered.

105.    That as an actual and proximate cause of said conduct, the Plaintiffs are suffering from the lack of marketability of the property, from the cloud on the title, and from paying all the payments from the date of inception to the present, paying for repairs, maintenance, property taxes and insurance, all the time believing they were the owners of the property which was obtained by fraud.

106.    That unless and until restrained, the Plaintiffs have suffered and will continue to suffer at the hands of the Defendant.

107.    Said conduct constitutes a breach of that agreement, and further violates TILA and RESPA as no notices there under were provided as required by Federal Statute, entitling the Plaintiffs to rescission and restitution of all monies paid and all damages occasioned thereby.

108.     Plaintiffs seeks an order compelling the DEFENDANT to clear the title in the name of the Plaintiffs, granting them a warranty deed; cancellation of alleged debt to Defendant, as a result of their fraud and breach of contract and warranty of merchantability; and quiet title to property.

109.     That as an actual and proximate cause of said breach, the Plaintiffs suffered damages, including but not limited to, mortgage payments, repairs, maintenance of the property, taxes, insurance, all in an amount according to proof, but estimated to be in excess of $315,000, three million dollars in compensatory damages, twelve million dollars in exemplary damages for intentional concealment, reasonable attorney's fees according to proof, and court costs according to proof.

110.     Plaintiffs pray for such other and further relief as set forth below and the court deems just and adequate;

**WHEREFORE PLAINTIFF PRAYS AS FOLLOWS:**

111.     For the reasons cited herein, the Note and MORTGAGE should be deemed satisfied, and in breach, void and unenforceable.

112.     That DEFENDANT should be obligated to provide quiet title, free of any encumbrance to the Plaintiffs;

113.     That the Court declare that the underlying Note and Deed of Trust, Exhibit 3, and all assignments thereon, satisfied and void.

114.     The court should strike it from the public records, striking the following documents from the official records:

           a. The mortgage, Exhibit 3, Book 1865, page 571-588, RECORDED

IN THE OFFICIAL RECORDS OF IRADELL COUNTY, NC;

    b. Deed of Trust, BOOK 1865, PAGE 571-588, (Exhibit 3);

    c. ASSIGNMENT OF MORTGAGE BK 2164 PAGE 1173200. Exhibit 5.

    d. EXHIBIT 6, HAMP MOD, BOOK 2417, PAGE 685 – 700;

    e. EXHIBIT 7, BOOK 2440, PAGES 2033 – 2034;

    f. EXHIBIT 8, BOOK 2440, PAGES 2040 – 2041;

    g. EXHIBIT 9, BOOK 2781, PAGES 1455 – 1456;

    h. EXHIBIT 10, BOOK 2899, PAGES 2376 – 2377.

115. Declare that Defendant be ordered to pay civil penalties of $1 million per day as it delayed disclosures "knowingly" or, in the alternative, $5,000 a day if the jury finds that the delay was in error.

116. That the court order the Defendant to pay the sum of $315,000 as recission and restitution damages.

117. That the Court order the Defendant to pay compensatory damages in the sum of $3 million dollars.

118. That the Court order the Defendant to pay the sum of $12 million dollars or proof for exemplary damages.

119. Order the Plaintiff is entitled to quiet title of the property,

120. That the Court find the title in the Plaintiffs in Fee Simple absolute against the Defendants and all others claiming an interest in the following property **commonly known and located at** 172 Winter Flake Drive, Statesville NC 28677 and whose **Legal Description:**

THE LAND IN THE STATE OF NORTH CAROLINA, COUNTY OF IRDELL, CITY OF STATESVILLE, AND DESCRIBED AS FOLLOWS:

BEING ALL OF LOT 8 OF BARIUM SEASONS VILLAGE AS SAME IS SHOWN ON MAP THEREOF RECORDED IN THE IRDELL COUNTY, NORTH CAROLINA AND BOOK 45 AT PAGE 46.

BEING ALL OF THAT CERTAIN PROPERTY CONVEYED TO RONALD JONES AND EMILY JONES FROM CRESTWOOD HOMES, LLC DBA SCENIC HOMES, BY DEED DATED 11/17/2006 IN DEED BOOK 1802, PAGE 1379 OF OFFICIAL RECORDS.

APN 4732424595.

121.    That the Court forever bar and prohibit any defendant from taking any action to foreclose on the Plaintiffs; and such other and further relief as the court deems just and adequate

122.    Plaintiffs pray for such other and further relief as set forth below and the court deems just and adequate;

## VERIFICATION

WE DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT, AND AS TO THOSE MATTERS WHICH ARE BASED ON OUR INFORMATION AND BELIEF, WE BELIEVE THEM TO BE TRUE:

RESPECTFULLY SUBMITTED

*(signature)*
RONALD JONES

11/8/2023
Date

# Instructions for your quiet title filing

This is a federal court complaint. The clerk of the court will help you get the summons served on the defendants. They send them out certified mail, return receipt requested.

Print all documents sent to you in email

Take the Complaint to a notary, unless otherwise instructed. Be sure to look through the complaint and write down the pages requiring notarization.

After completing the notary process, take all the printed documents and make additional copies. You will need an original for the Court, a copy for yourself, and a copy for each defendant at each address you are serving. If you are not sure, call the process server in the process server letter included in the package and ask them how many copies. Keep in mind that some process servers will do this work for you. They will come to your house, pick up the signed complaint, take it to be copied, file it, serve it and file the proof of service with the court. Some of these are reasonable, others are more expensive. Be sure to mark which is the original signature set, the court only wants the original signature set, not a photo copy set.

To save money, just go to your county court house and ask for the office to file a civil action. If the clerk asks what you are filing for (as in what type of civil action) the answer is tort and declaratory relief, including damages and for **quiet title.** Be sure to give the clerk the original signature set. However, give the clerk all three copies, so they can put a court stamp on all three copies.

Take the other two copies home. The process server will need one complaint, the process server will accept a copy by fax or if you have a scanner emailed but they will only accept a set that has been notarized with a court stamp.

The notarized document ( a few pages in the packet) is called a lis pendens or notice of litigation pending. It is IMPORTANT that AFTER you file your lawsuit, in addition to having the case served, you RECORD THE LIS PENDENS in the OFFICIAL RECORDS OF YOUR COUNTY, by GOING TO THE COUNTY RECORDER AND RECORDING THE LIS PENDENS. You want to do this on the day you file the suit. Again, this is important.

Tell the process service agent you want them to mail YOU the proof of service (very important) and to email a copy to aragonlawdocs@gmail.com.

Once you receive the proof of service make a copy and take the original to the office where you file the complaint so they can record the proof of service. If you

prefer, you may mail the POS to the court, just call to get the right address and office name or number so it won't get lost.

At this point you are waiting to see if the lender or servicer replies to the complaint. Most States allow 30 days to reply to a legal complaint. Failure to do so triggers a default judgment. You need the proof of service to know when they **served the lender** then count 21 days from that date (weekends count) and call us on the 21st day.
Mortgage Error Recovery Services, LLC

Below, find the letter to the process server. I do not know them. Google process servers in the zip code where you want the papers taken and find someone nearby. CALL THESE TWO COMPANIES AND GET A PRICE QUOTE. NEGOTIATE THEIR FEE OR CALL AROUND AND COMPARE BEFORE DECIDING. THEY ARE CORPORATIONS THAT ARE BEING SERVED AND SHOULD NOT BE EXPENSIVE.

**RONALD JONES**
**172 WINTER FLAKE DRIVE**
**STATESVILLE, NORTH CAROLINA 28677**

Principal Office
111 Southwest Fifth Ave
Portland, OR 97204
**Reg Office**
**160 Mine Lake Ct Ste 200**
**Raleigh, NC 27615**
Reg Mailing
160 Mine Lake Ct Ste 200
Raleigh, NC 27615
Mailing
800 Nicollet Mall
Minneapolis, MN 55402

TO:

https://processserverone.com/north-carolina-process-service/raleigh-ct-corp-system-process-server/

Please file the enclosed Civil Cover Sheet, Summons and Complaint for breach of contract and declaratory relief as well as the Lis Pendens and your process service fee of $_____.

Please serve: U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST,

Thank you,

Ronald Jones

27

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF
NORTH CAROLINA
STATESVILLE DIVISION

RONALD JONES,
               Plaintiffs,        )
                              )
                              ) CIVIL CASE No.: 5:23-cv-203-KDB
                              )
          v.                 )
                              )
U.S. BANK TRUST COMPANY, NATIONAL   )
ASSOCIATION, AS TRUSTEE OF THE       )
BUNGALOW SERIES IV TRUST,          )
              Defendants      )
                              )

## LIS PENDENS

### Filing of notice of suit.

    This Notice of Lis Pendens, filed in the office of the Honorable Clerk of the Court for IREDELL county, NORTH CAROLINA, shows and gives notice that:

1. A civil action has been filed in the UNITED STATES DISTRICT COURT, DISTRICT OF NORTH CAROLINA. The action is identified as case number _____.

1. The names of the parties of the action referred to above are the Plaintiff, RONALD JONES and the Defendants are U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST.

2. The nature and purpose of the above-referenced action is an action for quiet title, breach of contract and concealment.

3. The description of the property which is the subject of this action is: **Located at:**

    172 Winter Flake Drive, Statesville NC 28677

    **Legal Description:    THE LAND IN THE STATE OF NORTH CAROLINA, COUNTY OF IRDELL, CITY OF STATESVILLE, AND DESCRIBED AS FOLLOWS: BEING ALL OF LOT 8 OF BARIUM SEASONS VILLAGE AS SAME IS SHOWN ON MAP THEREOF RECORDED IN THE IRDELL COUNTY, NORTH CAROLINA AND BOOK**

28

**45 AT PAGE 46. BEING ALL OF THAT CERTAIN PROPERTY CONVEYED TO RONALD JONES AND EMILY JONES FROM CRESTWOOD HOMES, LLC DBA SCENIC HOMES, BY DEED DATED 11/17/2006 IN DEED BOOK 1802, PAGE 1379 OF OFFICIAL RECORDS. APN 4732424595.**

4. The mortgage, Exhibit 3, Book 1865, page 571-588, RECORDED IN THE OFFICIAL RECORDS OF IRADELL COUNTY, NC;

5. Deed of Trust, BOOK 1865, PAGE 571-588, (Exhibit 3);

6. ASSIGNMENT OF MORTGAGE BK 2164 PAGE 1173200. Exhibit 5.

7. EXHIBIT 6, HAMP MOD, BOOK 2417, PAGE 685 – 700;

8. EXHIBIT 7, BOOK 2440, PAGES 2033 – 2034;

9. EXHIBIT 8, BOOK 2440, PAGES 2040 – 2041;

10. EXHIBIT 9, BOOK 2781, PAGES 1455 – 1456;

11. EXHIBIT 10, BOOK 2899, PAGES 2376 – 2377.

12. This Notice of Lis Pendens is filed pursuant to the provisions of the North Carolina Statutes and all persons shall take notice of the same.

**RESPECTFULLY SUBMITTED**

_Ronald Jones_
RONALD JONES

11/8/2023
Date

## NORTH CAROLINA NOTARY ACKNOWLEDGEMENT
### (INDIVIDUAL)

State of North Carolina }
County of Iredell }
I, Susan Kinahan , Notary Public, do hereby certify that
Donald Jones [Name of Individual(s) Whose Acknowledgment is
Being Taken] personally appeared before me this day and acknowledged
the due execution of the foregoing instrument.
Witness my hand and official seal this 8th day of November , 20 23.
(Official Seal)

Susan Kinahan

Official Signature of Notary

Susan Kinahan

Notary's Printed or Typed Name
Notary Public
My Commission Expires: 7/02/2028

SUSAN KINAHAN
Notary Public, North Carolina
Iredell County
My Commission Expires
7/02/2028

## NORTH CAROLINA NOTARY ACKNOWLEDGEMENT
### (INDIVIDUAL)

State of North Carolina }
County of _____ }
I, _____, Notary Public, do hereby certify that
_____ [Name of Individual(s) Whose Acknowledgment is
Being Taken] personally appeared before me this day and acknowledged
the due execution of the foregoing instrument.
Witness my hand and official seal this _____ day of _____, 20___.
(Official Seal)

_____

Official Signature of Notary

_____

Notary's Printed or Typed Name
Notary Public
My Commission Expires: _____