IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00203-KDB-DCK

| | |
|---|---|
| **RONALD JONES,** | |
| **Plaintiff,** | |
| v. | **ORDER** |
| **NATIONAL ASSOCIATION U.S. BANK TRUST COMPANY,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant's Motion to Set Aside Entry of Default (Doc. No. 12), which Plaintiff opposes. The Court has carefully reviewed the motion and considered the parties' filings. For the reasons discussed below, the Court will **DENY** the motion without prejudice.

Rule 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While "good cause" is not defined in Rule 55(c), the Fourth Circuit has held that to obtain relief from a default judgment "a moving party must show that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside." *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987). However, Defendant has failed to provide any justification for the motion. Rather, it only "prays the Court to Set Aside the Clerk's Entry of Default filed on February 21, 2024[,] and allow Defendant to Respond or Answer Plaintiff's complaint." Doc. No. 12. Without the benefit of any showing addressing the factors identified by the Fourth Circuit, the Court will deny Defendant's motion without prejudice.

1

**SO ORDERED**.

Signed: March 15, 2024

Kenneth D. Bell
United States District Judge