# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:23-CV-00203-KDB-DCK

| | |
|---|---|
| **RONALD JONES,** <br><br> **Plaintiff,** <br><br> v. <br><br> **NATIONAL ASSOCIATION U.S. BANK TRUST COMPANY,** <br><br> **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Second Motion to Set Aside Entry of Default (Doc. No. 21), which Plaintiff opposes. The Court has carefully reviewed the motion and considered the parties' filings. For the reasons discussed below, the Court will **GRANT** the motion.

Federal Rule of Civil Procedure 55(c) allows the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). While "good cause" is not defined in Rule 55(c), "a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)). Courts have "a strong preference that, as a general matter, defaults should be avoided and that claims and defenses be disposed of on their merits." *Id.* (citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir. 1990)).

Here, weighing all of the factors, the Court finds that Defendant has made the necessary showing to set aside entry of default. To show that it has a meritorious defense, Defendant "should proffer evidence which would permit a finding for the defaulting party." *Kirbbler v. Zen Enterprises Corp.*, 1:20-cv-20008-JRR, 2024 WL 361329, at *2 (D. Md. 2024) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). Defendant's Second Motion to Set Aside Entry of Default offers multiple possible defenses, including failure to state a claim, the application of the period of limitations, and that Defendant is being sued for the actions of an unrelated thirty party for which it is not the successor in interest. *See* Doc. No. 21-1 at 7-14. These arguments could plausibly permit a finding for the Defendant.

Defendant next argues that it acted with reasonable promptness and that any delay was attributable to the Plaintiff, thus excusing it from any personal responsibility. Specifically, Defendant argues that Plaintiff served "U.S. Bank Trust Company, National Association" rather than "U.S. Bank Trust Company, National Association, As Trustee of the Bungalow Series IV Trust." *Id.* at 14. However, Defendant fails to explain why this distinction matters and instead only asserts that "some other entity" was served. *Id.* Defendant further fails to explain the two-month delay between its first and second motion to set aside entry of default, although it correctly identifies its prior motion as "bare bones." *Id.* Thus, the Court does not find that Defendant has acted with reasonable promptness and it appears Defendant bears at least some responsibility.

Importantly, however, the Court finds that Plaintiff has not been prejudiced. "[D]elay in and of itself does not constitute prejudice to the opposing party." *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Generali-U.S. Branch*, No. CV JKB-23-02746, 2024 WL 1194737, at *4 (D. Md.

Mar. 20, 2024) (quoting *Colleton Preparatory Academy*, 616 F.3d at 418). Plaintiff asserts that he has been prejudiced by continuing to make payments on his mortgage and paying fees, such as inspection fees. *See* Doc. No. 22 at 11. Yet, Plaintiff does not assert inherently time-sensitive claims, like an upcoming foreclosure, nor does he seek a temporary restraining order or injunction. Moreover, the two-and-a-half-month-long delay between the original motion for entry of default and the instant motion to set aside the entry of default does not appear categorically unfair given the typically long length of civil litigation. *See Quarles v. Wells Fargo Bank, N.A., Civ.*, No. GJH-20-3200, 2022 WL 952025, at *6 (D. Md. Mar. 30, 2022) ("Where there is a brief delay in the adversarial process, courts will generally find that there is no prejudice to plaintiff." (quotation omitted)).

Further, there is no history of dilatory action on Defendant's behalf, nor does Plaintiff appear to argue otherwise. *See* Doc. No. 22. Similarly, the Court finds that there is no need for sanctions in this case at this time.

To conclude, the Court finds that, when weighing the relevant factors alongside the preference for litigation to be decided on the merits, the Defendant has made the necessary showing to set aside entry of default. The Court, therefore, will grant Defendant's Second Motion to Set Aside Entry of Default and order Defendant to file a response to Plaintiff's Complaint.

**SO ORDERED.**

Signed: June 6, 2024

*/s/ Kenneth D. Bell*

Kenneth D. Bell
United States District Judge