IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-00203-KDB-DCK

| | |
|---|---|
| **RONALD JONES,**<br><br>    Plaintiff,<br><br>v.<br><br>**U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE OF THE BUNGALOW SERIES IV TRUST,**<br><br>    Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff Ronald Jones' Motion for Summary Judgment (Doc. No. 23). The Court has carefully considered this motion and the parties' briefs. For the reasons discussed below, the Court will **DENY** the motion without prejudice as premature.

## I.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co., et al.*, 946 F.3d 201, 206 (4th Cir. 2019). A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might affect the outcome of the suit under the governing law." *Id*. (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)). In determining if summary judgment is appropriate,

1

"courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions, or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015)). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252 (quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013)). In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement

to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II. DISCUSSION

This case arises out of a mortgage dispute. Plaintiff contends that he performed all obligations required by his mortgage contract but was unlawfully made to default on his loan due to allegedly fraudulent fees imposed by Bank of America.[1] *See generally* Doc. No. 1. He filed his Complaint in December 2023, and, after Defendant did not appear in this case, received an entry of default in February 2024. *See* Doc. Nos. 1, 7, 9. He subsequently filed two motions for default judgment, which were denied as moot after the Court granted Defendant's Second Motion to Set Aside Entry of Default. *See* Doc. Nos. 8, 17, 29. However, while the motions for default judgment and to side aside entry of default were pending, Plaintiff filed this Motion for Summary Judgment. Defendant, in its response, argues the motion is premature. *See* Doc. No. 27.

The Court agrees with Defendant and finds that Plaintiff's motion, whatever its ultimate merits may be, is premature. "In general, summary judgment should only be granted 'after adequate time for discovery.'" *McCray v. Maryland Dep't of Transp., Maryland Transit Admin.*, 741 F.3d 480, 483 (4th Cir. 2014) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). To decide otherwise "forces the non-moving party into a fencing match without a sword or mask." *Id.* Accordingly, Federal Rule of Civil Procedure 56(d) authorizes the court to defer or deny a motion for summary judgment, to allow time to gather evidence, or issue any other appropriate order, if "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot

---

[1] Plaintiff states that he obtained a mortgage from Amerisave Mortgage Corporation and separately suggests the mortgage was held by Bank of America. He says that Bank of America was the predecessor in interest of the Defendant, U.S. Bank. While the true mortgage holder is not in dispute at this time, Plaintiff is forewarned he will need to clarify the identity of the mortgage holder as the case proceeds.

present facts essential to justify its opposition." Once this showing is met, requests should be "broadly favored" and "liberally granted" to protect nonmovants from premature motions for summary judgment. *McCray*, 741 F.3d at 484 (quoting *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.,* 721 F.3d 264, 281 (4th Cir. 2013)).

Here, the Motion for Summary Judgment was filed while there were still pending motions for entry of default judgment and a pending motion to set aside entry of default. *See* Doc. Nos. 8, 17, 21. As noted by Defendant, the parties have yet to begin discovery, in part because Defendant has yet to file an Answer or otherwise respond to the Complaint. *See* Doc. No. 27 at 1. The parties further have not held an initial attorneys' conference or proposed a case management schedule. *Id.* The Court therefore finds that Defendant's proffered reasons to defer consideration of summary judgment are sufficient and that Plaintiff's Motion for Summary Judgment is premature. The Court will accordingly grant deny Plaintiff's Motion for Summary Judgment without prejudice.

**SO ORDERED.**

Signed: June 10, 2024

*[signature]*

Kenneth D. Bell
United States District Judge