IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:23-CV-203-KDB-DCK

| | |
|---|---|
| RONALD JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. BANK TRUST COMPANY, NATIONAL ) <br> ASSOCIATION, as Trustee Of The Bungalow ) <br> Series IV Trust, ) <br> ) <br> Defendant. ) <br> ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on Defendant's "Motion To Dismiss" (Document No. 31). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and applicable authority, the undersigned will respectfully recommend that the motion be granted.

**I. BACKGROUND**

Ronald Jones ("Plaintiff"), appearing *pro se*, initiated this action with the filing of a "Verified Complaint..." (Document No. 1) (the "Complaint") against U.S. Bank Trust Company, National Association, as Trustee of the Bungalow Series IV Trust ("Defendant" or "U.S. Bank") on December 18, 2023. The Complaint states that the "basis of this case is for declaratory relief to quiet title to 'Property'; [and] to vacate a satisfied, void, predatory, fraudulently obtained Deed of Trust." (Document No. 1, p. 1).

The property at the center of this dispute is located at: 172 Winter Flake Drive, Statesville, North Carolina 28677 (the "Property"). (Document No. 1, p. 2); see also (Document No. 31-1, p.

1). Defendant's "Memorandum In Support of Defendant's Motion To Dismiss" (Document No. 31-1) provides the following instructive information about the Property.

> Plaintiff and Emily Jones acquired the subject property on or about November 11, 2006, by Deed from Crestwood Home, LLC DBA Scenic Homes. The Plaintiff financed or purchased the subject property and pledged the same as security with the named lender in the original Deed of Trust being "New Century Mortgage Corporation" for a promissory note was signed on or about November 20, 2006, by Emily Jones and Ronald Jones.
>
> The subject property was then refinanced by Plaintiff and Emily Jones on June 15, 2007, with Plaintiff executing a Note of the same date with Amerisave Mortgage Corporation as original lender in the amount of $315,000, plus interest, with a maturity date of July 1, 2037 (the "Note"). The Note is secured by a Deed of Trust, signed by Plaintiff and Emily Jones, and recorded on July 5, 2007, in Book 1865, Page 571 in the Iredell County NC Registry (the "Deed of Trust"). This Note is refinance loan that paid the previous Note and satisfied the New Century Mortgage Corporation Deed of Trust[] in full.
>
> Plaintiff modified the Note pursuant to a Home Affordable Modification Agreement recorded on April 29, 2016, in Book 2417 at Page 685 in the Iredell County NC Registry (the "Loan Modification"). This Loan Modification was executed by Plaintiff on April 22, 2016, and Bank of America, N.A for itself or as successor by merger to BAC Home Loans Servicing, LP on April 27, 2016. Defendant is the current owner or holder of the Note and is by assignment of mortgage the beneficiary under the Deed of Trust.

(Document No. 31-1, pp. 1-2).

The crux of Plaintiff's allegations seems to be that "Defendant and its predecessor recovered $315,000 from third party insurance and did not disclose that recovery to the Plaintiff, even though the mortgage requires the same." (Document No. 1, p. 3). Plaintiff suggests that based on an alleged insurance payment, the mortgage on the Property has been satisfied, and therefore, he is entitled to "declaratory relief voiding the subject note and mortgage," as well as restitution and compensatory damages. (Document No. 1, p. 7); see also (Document No. 1, pp.

2

21-22). Specifically, Plaintiff seeks $315,000 in restitution and in excess of $15 million in damages. (Document No. 1, pp. 21-22).

The Complaint asserts causes of action for: (1) Quiet Title / Declaratory Relief; (2) Breach of Contract; (3) Recission and Restitution pursuant to TILA and RESPA; (4) Declaration that the Note and Deed are Void; (5) Breach of Contract Against All Defendants; and (6) Concealment Against All Defendants. In many instances, the Complaint references multiple "Defendants," but it only names Defendant U.S. Bank Trust Company, National Association, as Trustee of the Bungalow Series IV Trust as a party. (Document No. 1, p. 8). Although U.S. Bank is the only named Defendant in this lawsuit, most, if not all, of the alleged wrongdoing in the Complaint is attributed to Bank of America. For example, Plaintiff alleges that: "Bank of America imposed fraudulent inspection fees..."; "Bank of America imposed fraudulent charges for services which were never rendered..."; "Bank of America put the Plaintiff into default..."; "Bank of America committed mail fraud, wire fraud, and violation of the false claims act..."; "Bank of America recorded a chain of fraudulent assignments...." (Document No. 1, pp. 3, 7, 10, 15).

The Complaint further alleges, without any factual support or citation to documents, that "Defendant is the purported assignee of the predecessor in interest, Bank of America."[1] (Document No. 1, p. 12). Moreover, the Complaint seems to be entirely devoid of any allegations of when the alleged fraudulent activity occurred, or how or when Defendant U.S Bank became "the purported assignee" or successor to Bank of America and/or any other previous holder of a Note/Mortgage related to the Property. (Document No. 1).[2]

---

[1] The Complaint suggests that there are, or were intended to be, at least nine (9) Exhibits, but none are attached to the Complaint. See (Document No. 1, ¶ 2) (citing Exhibits 5, 7, 8, and 9).

[2] This Court previously noted that "[w]hile the true mortgage holder is not in dispute at this time, Plaintiff is forewarned he will need to clarify the identity of the mortgage holder as the case proceeds." (Document No. 30, p. 3, n. 1).

3

The briefing regarding the pending motion is similarly deficient on factual support, and also fails to address whether or not Defendant has assignee liability as to any or all of the pending causes of action. (Document Nos. 31-1, 32, and 33).

Defendant's "Motion To Dismiss" (Document No. 31) was filed on June 20, 2024, seeking dismissal pursuant to Fed.R.Civ.P. 8(a) and 12(b)(6). "Opposition Of Plaintiff To Defendant's Hearsay Motion To Dismiss" (Document No. 32) was filed on July 1, 2024; and a "Reply In Support Of Defendant's Motion To Dismiss" (Document No. 33) was filed on July 8, 2024.[3]

The pending motion has been fully briefed and is ripe for review and a recommended disposition to the Honorable Kenneth D. Bell.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

---

[3] The undersigned notes that Plaintiff's "Opposition..." (Document No. 32) filed in response to the pending motion to dismiss is challenging to read due to very faint and/or blurry print. The undersigned has reviewed the original hard copy submitted by *pro se* Plaintiff and it is of the same quality as the ECF version.

4

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

Regarding claims of fraud, the undersigned notes the following instructive caselaw:

> Several of plaintiffs' claims implicate the heightened pleading standard under Fed.R.Civ.P. 9(b). *Cozzarelli v. Inspire Pharmaceuticals Inc.,* 549 F.3d 618, 629 (4th Cir. 2008). The rule states: "In alleging fraud ... a party must state with particularity the circumstances constituting fraud ...." Under the rule, a plaintiff alleging claims that sound in fraud "'must, at a minimum, describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *United States ex rel. Owens v. First Kuwaiti Ge'l Trading & Contracting Co.,* 612 F.3d 724, 731 (4th Cir. 2010) (citation omitted); *see also Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 784 (4th Cir. 1999). In other words, "'Rule 9(b) requires plaintiffs to plead the who, what, when, where, and how: the first paragraph of any newspaper story.'" *Crest Constr. II, Inc. v. Doe,* 660 F.3d 346, 353 (8th Cir. 2011).

5

Galante v. Ocwen Loan Servicing LLC, 2014 WL 3616354, at *9 (D.Md. July 18, 2014). A claim is subject to dismissal under Rule 12(b)(6) for failure to state a claim if it does not comply with Rule 9(b). Carter v. Bank of Am., N.A., 1:11-CV-326-GCM, 2014 WL 70072, at *4 (W.D.N.C. Jan. 9, 2014) (citing Harrison, 176 F.3d at 783 n. 5 (4th Cir.1999)).

## III. DISCUSSION

In support of dismissal, Defendant asserts that the Complaint is not plausible; "[i]t is replete with generic allegations against a non-party, "Bank of America", lacking specific facts, acts or allegations against Defendant that are beyond mere speculation as a claim . . . [and] does not allege specific claims or elements of any cause of action that are 'plausible' claims or allegations of conduct that are specific to the Defendant to be a claim for which relief may be granted." (Document No. 3-1, p. 3). Defendant's brief then goes into some greater detail, as summarized below, as to why each of Plaintiff's claims must fail.

**A. Truth-in-Lending Act ("TILA") or Real Estate Settlement Procedures Act ("RESPA")**

First, Defendant argues that there is no plausible claim under TILA or RESPA. (Document No. 31-1, pp. 6-7). Defendant asserts that Plaintiff's claims for restitution and/or recission under TILA and RESPA are subject to a three (3) year statute of limitations that has expired. Id. (citing Beach v. Ocwen Federal Bank, 523 U.S. 410 (1998)).

Defendant notes that "[n]either Defendant nor Bank of America were the original lender of the below described Note or Deed of Trust executed on June 15, 2007 and later affirmed and modified by Plaintiff in 2016." (Document No. 31-1, p. 7). Defendant then argues that Plaintiff "is only making conclusory claims for recission and to qui[et] title to the subject property." Moreover, Defendant asserts that "these claims are also made outside the three-year window to

6

make such claims, when considering the 2007 refinance Note or even if one could plausibly allege, the 2016 Loan Modification." Id.

In response, Plaintiff fails to address Defendant's arguments based on an expired statute of limitations or identify when the alleged violations of TILA and RESPA occurred. See (Document No. 32, pp. 16-17). Rather, Plaintiff re-asserts claims for recission and restitution and contends that "Defendant as successor to the BANK OF AMERICA knew, or reasonably should have known when it acquired the void obligation that it was obtained under deceit or fraud and the amounts billed were fraudulent." (Document No. 32, p. 16). Plaintiff seems to also argue that he was never provided a "valid Closing Disclosure." Id.

Defendant's "Reply In Support..." fails to directly address Plaintiff's TILA and RESPA claim. (Document No. 33). Instead, Defendant's "Reply..." asserts that Plaintiff's response "consists of 30 pages that fail to show why his Complaint should not be dismissed," and "is replete with allegations not found in his Complaint, which are 'allegations' Plaintiff asserts in other pleadings in this matter, or are new allegations, and are simply long narratives which fail to meet any semblance of a 'plausible' claim to relief." (Document No. 33, pp. 1-2).

Although the briefing from both sides could have been more thorough, the undersigned is persuaded that the Complaint lacks sufficient factual support for claims under TILA and/or RESPA. As this Court recently opined in a similar situation, "[t]he Complaint is, to be diplomatic, unclear . . . [and] fails to allege facts to support a plausible claim that Defendants violated any federal statute or regulation." Kirby v. US Bank Nat'l Ass'n, 5:23-CV-014-KDB-DCK, 2023 WL 8439905, at *2 (W.D.N.C. Dec. 5, 2023). Here, it appears that even if there was a violation of TILA and/or RESPA, it occurred more than three (3) years prior to the filing of the Complaint in December 2023.

7

## B. Fraud, Breach of Contract, and Concealment

Next, Defendant argues that Plaintiff's claims for fraud, breach of contract, and concealment also fail because the "the claims are not a 'plain' statement nor are they plausible." (Document No. 31-1, p. 7). Defendant notes that Plaintiff must "describe the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Id. (citing Smith v. Clark/Smoot/Russell, 796 F.3d 424, 432 (4th Cir. 2015)). Defendant further asserts that

> "More precisely, the complaint must allege 'the who, what, when, where, and how of the alleged fraud.'" United States ex rel. Ahumada v. NISH, 756 F.3d 268, 280 (4th Cir. 2014) (quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008)).
>
> Plaintiff's claims are not plausible and are not well-plead, plain statements of how the contract (the Note, Deed of Trust, and Loan Modification) were breached by Defendant and what provisions of the instruments were breached by Defendant.

Id. at p. 8.

Plaintiff's response is difficult to read based on the print quality of the original document, and it is difficult to follow Plaintiff's reasoning. Plaintiff does not appear to directly address Defendant's arguments. Plaintiff does assert, in part:

> A "Material Breach of that contract occurred when Bank of America over the series of several years up until the time of their assignment, fraudulently imposed charges on the account for services which were never rendered and neither due nor owing: overcharged for services which were rendered: and added fees and costs which were neither due nor owing."

(Document No. 32, p. 14).

Plaintiff later asserts there was a breach of contract based on a list of alleged failures by Bank of America and/or its predecessors, culminating in the allegation that a "Material breach of

8

contract occurred when Bank of America put the Plaintiffs into default and failed to credit the mortgage account with funds received from the third party insurance company." (Document No. 32, p. 21). Reasserting the same allegations, Plaintiff then argues that "the Court must sustain the sixth cause of action taken as true for concealment as against all Defendants." (Document No. 32, p. 24). Plaintiff contends that Defendant (or Defendants) concealed information he was entitled to receive. Id.

Defendant's reply offers little, if any, further support for dismissing Plaintiff's claims for fraud, breach of contract and concealment. Instead, the reply brief describes general deficiencies in Plaintiff's response. (Document No. 33).

The undersigned finds the following caselaw instructive, and consistent with Defendant's legal authority:

> In order to state a successful fraud claim under North Carolina law, Plaintiff must allege the following elements:
>
>> (1) material misrepresentation of a past or existing fact; (2) the representation must be definite and specific; (3) made with knowledge of its falsity or in culpable ignorance of its truth; (4) that the misrepresentation was made with intention that it should be acted upon; (5) that the recipient of the misrepresentation reasonably relied upon it and acted upon it; and (6) that there resulted in damage to the injured party.
>
> Swift Beef Co. v. Alex Lee, Inc., 2018 WL 792071, at *4 (W.D.N.C. Feb. 8, 2018) (quoting Hudson-Cole Dev. Corp. v. Beemer, 511 S.E.2d 309, 312-13 (N.C. Ct. App. 1999)). Furthermore, pursuant to Fed.R.Civ.P. 9(b), Plaintiff must also allege "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby" – in other words, "the who, what, when, where, and how of the alleged fraud." Swift Beef Co., 2018 WL 792071, at *4 (quoting United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 379 (4th Cir. 2008) (internal quotations and citations omitted)).

9

> Additionally, a breach of contract claim cannot also moonlight as a fraud claim where the essence of the dispute is contractual.

Lambert v. First Horizon Bank, 3:19-CV-581-RJC-DCK, 2021 WL 3260073, at *6 (W.D.N.C. June 29, 2021), report and recommendation adopted, 2021 WL 3234624 (W.D.N.C. July 29, 2021).

Based on the foregoing authority, and Defendant's arguments, the undersigned again finds that the Complaint fails to allege sufficient facts to support plausible claims for fraud, breach of contract, and concealment. The Complaint certainly lacks the specific information required to support the repeated allegations of fraud, including "the who, what, when, where, and how of the alleged fraud," and lacks sufficient support for plausible claims for a breach of contract and/or concealment. Id.; See also (Document No. 1).

## C. False Claims Act ("FCA")

Although the Complaint does not appear to set out a cause of action under the FCA, it is mentioned, and Defendant includes an argument for dismissal of any FCA claim. (Document No. 31-1, pp. 8-9). Defendant notes the requirements for such a claim:

> "To plead an FCA claim, a relator must plausibly allege four distinct elements: (1) there was a false statement or fraudulent course of conduct; (2) made or carried out with the requisite scienter [knowledge]; (3) that was material; and (4) that caused the ***government*** to pay out money or to forfeit moneys due (i.e., that involved a 'claim')(emphasis added).'" United States ex rel. Rostholder v. Omnicare, Inc., 745 F.3d 694, 700 (4th Cir. 2014) (alteration in original) (citation omitted). "To satisfy the first element of an FCA claim, the statement or conduct alleged must represent an objective falsehood." Wilson, 525 F.3d at 376.

(Document No. 31-1, p. 8).

Defendant argues that Plaintiff has only presented "brief and bare allegations that Defendant violated the False Claims Act in that Plaintiff claims the Defendant collected insurance

10

Case 5:23-cv-00203-KDB-DCK    Document 34    Filed 01/27/25    Page 10 of 13

proceeds from a 'Federally' insured mortgage." Id. Defendant further argues that Plaintiff's claim is not plausible and that "[t]here is no allegation that the United States paid a [] fraudulent insurance claim by Defendant." (Document No. 31-1, pp. 8-9). According to Defendant, "Plaintiff does not and cannot claim that Defendant made some deliberate, fraudulent, and material statement that was presented to the United States Government to pay out money to the Defendant." Id. at p. 9.

Plaintiff's "Opposition..." does not address Defendant's arguments, and as far as the undersigned can tell, does not mention the FCA. (Document No. 32). Likewise, Defendant's "Reply..." offers no additional support or mention of this purported cause of action. (Document No. 33).

To the extent Plaintiff has alleged any violation of the FCA, the undersigned is persuaded that such a claim should be dismissed.

In short, the undersigned will respectfully recommend that Defendant's motion be granted and that this action be dismissed. The undersigned is not persuaded that the Complaint contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Finally, the undersigned notes that Plaintiff's "Opposition..." includes a short and conclusory statement that Plaintiff should be allowed to amend the complaint if the Court finds his support "insufficient to prove all the causes of action pled." (Document No. 32, p. 8). Defendant does not address Plaintiff's suggestion that amendment should be allowed. (Document No. 33).

At this time, the undersigned does not find Plaintiff's statement sufficient to support a finding that an amended complaint should be allowed. Plaintiff has not filed an appropriate motion pursuant to Fed.R.Civ.P. 15, nor does Plaintiff indicate Defendant's consent or provide any

11

information to suggest that such an amendment would not be futile and/or prejudicial. See. Fed.R.Civ.P. 15(a); see also Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)) ("motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile.").

Based on the motion and the arguments currently before the Court, the undersigned will respectfully decline to grant leave to Plaintiff to file an amended complaint. The undersigned expresses no opinion as to how the Court might treat such a request if properly presented at a later date.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Motion To Dismiss" (Document No. 31) be **GRANTED**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue

with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: January 27, 2025

David C. Keesler
United States Magistrate Judge