# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:23-CV-00203-KDB-DCK

| | |
|---|---|
| **RONALD JONES,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR BUNGALOW SERIES IV TRUST**<br><br>　　**Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss (Doc. No. 31), the Memorandum and Recommendation ("M&R") of the Honorable Magistrate Judge David Keesler entered January 27, 2025 (Doc. No. 34), and Plaintiff's Objection to the M&R and renewed Motion to Amend Complaint (Doc. No. 35). The Court has carefully considered these motions, the M&R, and the parties' filings in support of their respective positions. For the reasons discussed below, the Court will **AFFIRM** the M&R, **GRANT** Defendant's Motion to Dismiss, and **DENY** Plaintiff's renewed Motion to Amend the Complaint.

## I.　　LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of dispositive pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations

1

to which objection is made." 28 U.S.C. § 636(b)(1). However, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" and need not give any explanation for adopting the M&R. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Also, the Court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## II. FACTS AND PROCEDURAL HISTORY

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985) (explaining the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised).

## III. DISCUSSION

Plaintiff's sole objection to the M&R is to the Magistrate Judge's denial of Plaintiff's informal "Motion" to amend his complaint. In the M&R, the Magistrate Judge noted that Plaintiff included a generic statement that "leave to amend [the Complaint] should be freely given" if "evidence [is] insufficient to prove all the causes of action pled." Doc. No. 32 at 28. In response, the Magistrate Judge makes clear the statement alone is not sufficient to warrant allowing an

2

amended complaint but expresses no opinion as to how the Court might rule in the event of a properly filed motion. Doc. No. 34 at 11-12.

In his Objection to the M&R, Plaintiff makes a similar statement that the Court should grant a motion to file an amended complaint so that he can fix the "errors pointed out by the Magistrate" but doesn't explain which "errors" he is referencing. Doc. No. 35 at 1. He argues that "missing exhibits" will prove his assertions and notes that they are listed in paragraph 94 of the Complaint.[1] Doc. No. 1 at 18. While a motion to amend should be freely granted, it should be denied where it would be prejudicial, in bad faith, or futile. *See HCMF Corp. v. Allen,* 238 F.3d 273, 276 (4th Cir. 2001). Here again, Plaintiff fails to file a proper motion to amend his complaint pursuant to Fed. R. Civ. P. 15, but more importantly, Plaintiff fails to attach the "missing exhibits" or clarify for the Court what they are and how they will overcome the deficits in the Complaint.[2] In short, based on the lack of a supporting record before the Court, giving Plaintiff leave to amend his complaint would be futile.

Neither party has objected to the substantive portions of the M&R. Thus, after determining that granting Plaintiff leave to amend his complaint would be futile, and having carefully reviewed the M&R, the relevant portions of the record, and applicable legal authority, this Court is satisfied

---

[1] The list of exhibits is comprised of the following: "The mortgage, Exhibit 3, Book 1865, page 571-588, RECORDED IN THE OFFICIAL RECORDS OF IR[E]DELL COUNTY, NC; Deed of Trust, BOOK 1865, PAGE 571-588, (Exhibit 3); ASSIGNMENT OF MORTGAGE BK 2164 PAGE 1173200[,] Exhibit 5[;] EXHIBIT 6, HAMP MOD, BOOK 2417, PAGE 685 - 700; EXHIBIT 7, BOOK 2440, PAGES 2033 - 2034; EXHIBIT 8, BOOK 2440, PAGES 2040 - 2041; EXHIBIT 9, BOOK 2781, PAGES 1455 - 1456; EXHIBIT 10, BOOK 2899, PAGES 2376 - 2377." Doc. No. 1 at 18.

[2] For example, the Magistrate Judge notes that the TILA/RESPA claims are deficient because the three-year statute of limitations on each has expired (regardless of whether the 2007 or 2016 dates provided by Plaintiff are used). Doc. No. 34 at 7. Breach of contract and fraud have similar statutes of limitation under North Carolina law. *See* N.C.G.S. § 1-52(1), (9). Plaintiff has failed to explain how any of the "missing exhibits" will overcome these bars.

that there is no clear error as to the M&R. Accordingly, the Court will adopt the findings and recommendations set forth in the M&R as its own solely for the purpose of deciding this motion, and **DISMISS** the Complaint.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The Magistrate Judge's M&R (Doc. No. 34) is **ADOPTED**;

2. The Defendant's Motion to Dismiss (Doc. No. 31) is **GRANTED**;

3. The Plaintiff's Claims are **DISMISSED**; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: February 11, 2025

Kenneth D. Bell
United States District Judge